## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMARAH MAYLE,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0752-16-0728-I-1 |
| 　　　v. | |
| UNITED STATES POSTAL SERVICE,<br>　　　　　Agency. | DATE: January 18, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timarah Mayle, Gulf Breeze, Florida, pro se.

Donald Vicini, Esquire, Dallas, Texas, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**BACKGROUND**

¶2    The appellant filed the instant appeal, challenging her May 2016 termination from her Postal Support Employee Sales & Services Distribution Associate position. Initial Appeal File (IAF), Tab 1.  In short, the agency terminated the appellant during her probationary period for being unable to satisfactorily meet the requirements of the position.  *Id.* at 10.  The agency moved to dismiss the appeal for lack of jurisdiction.  IAF, Tab 7.  On September 13, 2016, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 12, Initial Decision (ID) at 4.

¶3    The appellant filed the instant petition for review on April 6, 2017.  Petition for Review (PFR) File, Tab 1.  The agency filed a motion to dismiss the petition for review as untimely.  PFR File, Tab 4.  The appellant has replied to the agency's motion.  PFR File, Tab 5.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶4    The Board's regulations provide that a petition for review must be filed within 35 days after the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the day of issuance, within 30 days after the date she received the initial decision.  5 C.F.R. § 1201.114(e).  Here, the administrative judge informed the appellant that the initial decision would become the Board's final decision on October 18, 2016, unless either party filed a petition for review by that date.  ID at 5.  She further informed the appellant that, if she received the initial decision more than 5 days after the date of issuance, she could file a petition for review within 30 days after the date of receipt.  *Id.*  In addition, she notified the appellant that the 30-day period would begin to run upon either her or her representative's receipt of the initial decision, whichever occurred first.  *Id.*

¶5      The Board's certificate of service reflects that, on September 13, 2016, the initial decision was sent by email to the appellant, who had registered as an e-filer.  ID at 10; *see* 5 C.F.R. § 1201.14(e)(1) (stating that registration as an e-filer constitutes consent to accept electronic service of pleadings filed by other registered e-filers and documents issued by the Board).  Thus, we find that the 30-day period began to run on September 13, 2016, when the appellant received the initial decision.  *See* 5 C.F.R. § 1201.14(m)(2) (explaining that Board documents served electronically on registered e-filers are deemed received on the date of electronic submission).  Based on the foregoing, we further find that the deadline for filing a petition for review was October 18, 2016.  *See* 5 C.F.R. § 1201.114(e).

¶6      The appellant filed a petition for review on April 6, 2017, nearly 6 months past the filing deadline.  PFR File, Tab 1.  In an acknowledgement letter, the Clerk of the Board informed the appellant that her petition for review was untimely filed and that she could file a motion with the Board to accept her filing as timely or to waive the time limit for good cause.  PFR File, Tab 2.  The letter also stated that the motion must be sent by April 21, 2017.  *Id.* at 2.  The appellant did not timely file any argument or evidence concerning the timeliness of her petition for review.  On April 27, 2017, the agency urged for dismissal of the petition for review as untimely filed.  PFR File, Tab 4.  On that same day, the appellant filed a response to the agency's motion.  PFR File, Tab 5.  She argues that her untimely filing of her petition for review was due to various family and financial problems.  *Id.*

¶7      The Board will excuse the late filing of a petition for review on a showing of good cause for the delay.  5 C.F.R. § 1201.114(g).  To establish good cause for an untimely filing, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether

an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortunate that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). Moreover, an allegation of financial and family difficulties does not constitute good cause for waiving the deadline for filing a petition for review. *Robey v. U.S. Postal Service*, 105 M.S.P.R. 539, ¶ 16, *aff'd*, 253 F. App'x 993 (Fed. Cir. 2007); *Garcia v. Office of Personnel Management*, 85 M.S.P.R. 576, ¶ 4, *aff'd*, 251 F.3d 170 (Fed. Cir. 2000) (Table).

¶8      In her response to the agency's motion to dismiss, the appellant acknowledges that the deadline to file her petition for review was October 18, 2016 and that her petition is untimely. PFR File, Tab 5 at 4. The appellant asserts that her petition for review is untimely due to hardships and stress from her termination from the agency. *Id.* She details that she has been under significant stress and distracted since her termination due to an inability to pay her mortgage and utility bills and having suffered a strained relationship with her children. *Id.* at 4-9.

¶9      However, she has not explained how these events contributed to the untimeliness of her petition for review. *See Moorman*, 60 M.S.P.R. at 63. Further, the appellant's nearly 6-month delay in filing her petition for review is significant, notwithstanding her pro se status. *E.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶¶ 3, 8 (2008) (finding a delay of more than 1 month to be significant, notwithstanding the appellant's pro se status). Therefore, under these circumstances, we find the appellant has not shown good cause for the delay in filing her petition.

¶10        Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the dismissal of the underlying appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a

representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for

                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.